## WESTERN & ATLANTIC R. R. CO. *v.* LEDBETTER.

*Simmons, C. J.*—1. That portion of the argument of the plaintiff's attorney of which complaint is made contained nothing which would require the ordering of a mistrial. In so far as it was irrelevant or inappropriate, the reprimand administered by the judge was a sufficient correction.

2. While it may not, as a general proposition, be true that every illegal expulsion of a passenger from a train will entitle him to exemplary damages, the charge to that effect given in the present case is not cause for a new trial, because it plainly appears from the evidence that if the plaintiff was entitled to recover at all, it was a case for the allowance of such damages.

3. There was no error in the other charge complained of, nor in admitting nor in rejecting evidence. The requests to charge were, so far as legal and pertinent, covered by the general charge given; and though the evidence for the defendant, if accepted by the jury, might have entitled it to a verdict, yet as that introduced for the plaintiff, and which the jury evidently believed, made out a case against the company, this court cannot, after its approval by the trial judge, set the verdict aside,

either upon the ground that it was excessive in amount or that it was unwarranted by the evidence.

August 18, 1896.　　　　　　　　　　　　*Judgment affirmed.*

Action for damages. Before Judge Gober. Cobb superior court. December 21, 1895.

*Payne & Tye* and *Sessions & Sessions,* for plaintiff in error. *Brown & Hutcherson, H. W. Newman* and *Clay & Blair,* by *Harrison & Peeples,* contra.